**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| PATTY L. KING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DARREN ROBERTSON, *et al.*,<br><br>　　　　　Defendants. | Case No. 3:21-CV-00471-MMD-CLB<br><br>**ORDER GRANTING MOTION TO STAY DISCOVERY AND MOTION FOR RELIEF FROM EARLY NEUTRAL EVALUATION**<br><br>[ECF Nos. 15, 16] |

Plaintiff Patty L. King ("King") asserts that she was subjected to age discrimination and a hostile work environment while employed by Defendants Darren Robertson, Quail Surgical and Pain Management Center LLC, and Northern Nevada ASC Management LLC (collectively referred to as "Defendants"), which led to King's resignation. (ECF No. 1-3.) Based on the nature of these claims, District of Nevada Local Rule 16-6 requires this case be referred for an Early Neutral Evaluation ("ENE"), which is scheduled for March 16, 2022, at 9:00 a.m. (*See* ECF No. 13.)

After the setting of the ENE, Defendants filed a motion to stay discovery and for relief from the ENE. (ECF Nos. 15, 16.)[1] Defendants assert that the Court should stay discovery and vacate the ENE because there is a pending motion to compel arbitration and to dismiss this case. Defendants argue that the parties entered into a binding arbitration agreement that requires the claims of this case be submitted to arbitration and therefore this Court is not the proper forum for the resolution of the claims in this case. (*Id.*) King opposed the motions, (ECF No. 21), and Defendants replied. (ECF No. 22.) Having reviewed all relevant pleadings and papers, the Court grants Defendants' motions to stay discovery and relief from the ENE, (ECF Nos. 15, 16), for the reasons stated below.

---

[1]　　ECF Nos. 15 and 16 are identical documents.

# I. LEGAL STANDARD

District courts enjoy wide discretion in controlling discovery, including in determining whether discovery should be stayed. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The movant bears the burden of showing that a stay of discovery is warranted. *See e.g., Shaughnessy v. Credit Acceptance Corp. of Nev.,* Case No. 2:07-cv-00921-KJD-GWF, 2007 WL 9728688, at *2 (D. Nev. Nov. 28, 2007). A stay of discovery pending resolution of a motion pretrial is appropriate when: (1) the pending motion is potentially dispositive; (2) the motion to compel arbitration can be decided without additional discovery; and (3) a magistrate judge has taken a "preliminary peek" at the underlying motion. *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 (D. Nev. 2013). However, when the pending motion is one seeking to compel arbitration, a stay is appropriate when the preliminary peek reveals that there is a reasonable possibility or probability that the district judge will compel arbitration. *See Shaughnessy*, 2007 WL 9728688, at *2-3 (granting motion to stay discovery based on, inter alia, the "reasonable possibility or probability that the District Judge will grant Defendant's motion to compel arbitration"). Courts frequently stay discovery pending resolution of a motion to compel arbitration. *See e.g., Mahamedi IP Law, LLP v. Paradice & Li, LLP*, Case No. 5:16-cv-02805-EJD, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (collecting cases).

# II. DISCUSSION

Applying the framework outlined above, the Court finds that a stay of discovery is appropriate in this case and that the ENE should be vacated pending the outcome of the pending motion to compel arbitration and to dismiss this case.

### A. Dispositive Nature of Motion to Compel Arbitration

As to the first factor, the Court finds that a motion to compel arbitration is dispositive. *See Arik v. Meyers*, Case No. 2:19-cv-01908-JAD-NJK, 2020 WL 515843, at *1 (D. Nev. Jan. 31, 2020) (explaining dispositive nature of motion to compel arbitration). Therefore, the first factor weighs in favor of staying discovery.

///

### B. Ability to Decide Motion Without Discovery

King argues that the motion to compel arbitration cannot be decided without further discovery. (ECF No. 21 at 2-3). King's argument seems to boil down to assertions that Defendants have effectively fabricated evidence and facts to establish that an arbitration agreement exists between the parties in this case. (*Id.*) For example, King asserts that there are issues with a declaration that was submitted to authenticate the alleged arbitration agreement between the parties and should be disregarded. (*Id.*) She also asserts that the reply brief filed by Defendants will likely "present more alleged facts which would require discovery to substantiate or refute." (*Id.* at 2.) King then states she "has reason to believe that two key witnesses who have knowledge about the [arbitration agreement] are preparing to retire and/or move to other positions." (*Id.* at 3.) King asserts that, at a minimum, the Court should order these witnesses be deposed and certain documents be provided to King to "disprove or prove the facts" supporting the motion to compel. (*Id.* at 5.)

In reply, Defendants argue that no discovery is necessary for resolution of the underlying motion to compel arbitration. (ECF No. 22 at 4.) The Court agrees with Defendants. Based on the Court's preliminary peek at the underlying motion to compel, it does not appear that discovery is necessary to permit the underlying motion to be ruled on at this time. Therefore, the Court finds the second factor also weighs in favor of a stay of discovery because it appears the motion to compel arbitration can be decided without discovery.

### C. Preliminary Peek Underlying Motion

The Court next turns to its preliminary evaluation of the merits of the motion to compel arbitration. As noted above, the preliminary peek supports a stay of discovery when there is a reasonable possibility or probability that the district judge will grant the motion to compel arbitration. *See Shaughnessy*, 2007 WL 9728688, at *2-3. The parties disagree as to whether the district court will likely grant the underlying motion to compel. Defendants have identified an arbitration clause contained within a written agreement that

they assert applies to the parties in this case and requires the arbitration of the claims asserted in this lawsuit. (ECF No. 10-2.)

In response, King essentially argues that arbitration cannot be compelled in this case because she asserts the arbitration agreement is a "complete forgery." (ECF No. 21 at 2.) In reply, Defendants assert King's claims that the arbitration agreement is a forgery are false, and that King has effectively conceded several significant facts that establish the motion to compel must be granted. (*See* ECF No. 22 at 2-3.) It remains to be seen whether the district judge will be persuaded by King's arguments. However, having reviewed the underlying motion and arguments, the undersigned finds that there is a reasonable possibility or probability that the district judge will grant the motion to compel arbitration. Therefore, all factors weigh in favor of staying discovery in this case.

**III.    CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendants' motion to stay discovery and motion for relief from ENE, (ECF Nos. 15, 16), and vacates the currently scheduled ENE pending resolution of Defendants' motion to compel arbitration. In the event the motion to compel arbitration is denied, the parties are ordered to file a new proposed discovery plan and scheduling order within 21 days of the issuance of the order resolving the motion. The updated discovery plan shall include updated dates for all applicable discovery deadlines, including the deadlines for disclosing expert witnesses.

**IT IS SO ORDERED.**

**DATED**: January 11, 2022        .

_____
**UNITED STATES MAGISTRATE JUDGE**